**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Dustin Matthews, et al.,

Plaintiffs,

v.

Litchfield Elementary School District No. 79,

Defendant.

No. CV-26-01459-PHX-DJH

**ORDER**

On August 20, 2026, Defendant Litchfield Elementary School District No. 79 ("Defendant") filed a Motion to Dismiss for Lack of Personal Jurisdiction and Service of Process (Doc. 20). On September 20, 2026, Plaintiffs Dustin Matthews ("Matthews") filed a Response (Doc. 21); Plaintiff Roseanne Robles ("Robles") did not. On September 28, 2026, Defendant filed its Reply (Doc. 23) as well as a Motion to Strike (Doc. 22) Plaintiffs' Response as untimely. Matthews thereafter filed a Response (Doc. 24) to Defendant's Motion to Strike. No reply to the Motion to Strike was filed; instead, Defendant partially withdrew the Motion to Strike to the extent that it concerned Matthews. (*See* Doc. 25).

The Court will address the Motion to Strike before turning to the Motion to Dismiss. Further, as the factual allegations are not at issue here, they will not be recounted, and the Court will discuss the procedural history of this case as necessary below.

**I. Defendant's Motion to Strike**

As an initial note, the Court reiterates that Defendant's Motion to Strike now concerns only Robles. (*See* Doc. 25 (withdrawing the Motion as to Defendant Matthews)).

Defendant argues, in its Motion to Strike, that the Response to the Motion to Dismiss should be stricken as untimely because it was filed outside the fourteen-day response window provided by LRCiv 7.2(c). (Doc. 22 at 1–2). However, Matthews points out that LRCiv 7.2(c) was not the proper rule governing the timeline for a responsive memorandum as Defendant moved to dismiss for lack of personal jurisdiction. (Doc. 24 at 2); LRCiv 12(b). Defendant concedes this point (*see* Doc. 25), but it maintains its Motion against Plaintiff Robles because "[e]ven under the thirty-day period, her deadline to respond to the Motion to Dismiss" has passed and "[s]he has filed nothing." (*Id.* at 2).

Although Defendant narrowed the scope of its Motion, the Court will still deny Defendant's Motion to Strike as moot. Robles has filed no response to the Motion to Dismiss, and the Court cannot strike something that does not exist. Nonetheless, as Robles did not file a response to the Motion to Dismiss, under the Local Rules, the lack of response serves as consent for granting the relief requested in Defendant's Motion to Dismiss. *See* LRCiv 7.2(i). Notably, in its Order granting Matthews's Application to Proceed in District Court Without Prepaying Fees or Cost, the Court explained that the ruling only applied to Matthews, not Robles. (Doc. 9 at 1 ("If Plaintiff Robles believes that she is unable to pay the fees and costs associated with this case, then the appropriate Application must be filed with the Court.")). To date, Robles has not filed a request to proceed *in forma pauperis* nor paid the necessary filing fee. *See*, *e.g.*, *Carroll v. Albright*, 2025 WL 976905, at *1 (S.D. Cal. Apr. 1, 2025) ("Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action, nor has he submitted a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed."). Based on the foregoing, Plaintiff Robles will be dismissed from this matter.

**II. Defendant's Motion to Dismiss**

Next, Defendant moves to dismiss this matter, arguing that service of process was insufficient and therefore the Court lacks personal jurisdiction. (Doc. 20 at 3–4). In response, Matthews argues that there are factual disputes surrounding whether service was proper, Defendant has actual notice of this case, and dismissal is not required if service was

in fact improper. (Doc. 21 at 3–5).

**A. Legal Standards**

A party may seek to dismiss a pleading for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Upon such a challenge to service, the plaintiff bears the burden of demonstrating effective service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Federal Rule of Civil Procedure Rule 4 provides the requirements to serve proper service. Fed. R. Civ. P. 4. To serve a "state-created governmental organization," like a school district, one must deliver "a copy of the summons and of the complaint to its chief executive officer" or serve "a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B).

Under Arizona Rules, service on a governmental entity can be made upon "the individual designated by the entity, as required by statute, to receive service of process" or "if the entity has not designated a person to receive service of process, then the entity's chief executive officer(s), or, alternatively, its official secretary, clerk, or recording officer." Ariz. R. Civ. P. 4.1(h)(4)(A)–(B).

Relatedly, under Federal Rule of Civil Procedure 12(b)(2), a party can move to dismiss for a lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). District courts have the power to exercise personal jurisdiction to the extent authorized by the law of the state in which they sit. Fed. R. Civ. P. 4(k)(1)(A). However, a court does not have personal jurisdiction over a party unless that person is properly served or has waived service. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004).

**B. Discussion**

Here, Matthews was originally instructed that service must be effectuated on Defendant by July 3, 2026. (Doc. 10). Matthews then sought and received an extension of his service deadline to August 3, 2026. (*See* Docs. 14, 15). On August 3, 2026, Matthews filed a Notice of Filing Proof of Service (Doc. 18) and a corroborating Proof of Service (Doc. 19). The Proof of Service states that the process server gave the Summons to "Jennifer Benjamin, Deputy Superindentent [sic]" ("Benjamin") on June 29, 2026. (*Id.*)

The Proof of Service further asserts that Benjamin was authorized to accept service of process on behalf of Defendant. (*Id.*)

Defendant now contends that Benjamin was not authorized to accept service and is not an individual enabled to accept service under either Federal or Arizona Rules. (Doc. 20 at 4). In support of its argument, Defendant submits Declarations by Benjamin and Defendant's Superintendent, both stating that they are not authorized to accept service on behalf of the Defendant District. (*See* Docs. 20-1, 20-2). Benjamin also states that the process server "asked whether [she] could accept papers for Dr. Davidson, the District Superintendent," to which she responded that she could and accepted the papers. (Doc. 20-1 at ¶ 3). However, the process server "did not state that the District was being served with a lawsuit;" and Benjamin maintains that she did not state that she authorized to accept service of behalf of Defendant and indeed is not so authorized. (*Id.* at ¶¶ 3–5). Further, Defendant cites *Batty v. Glendale Union High Sch. Dist. No. 205*, 212 P.3d 930 (Ariz. Ct. App. 2009) to demonstrate service was improper. In *Batty*, the court held that "delivery of a notice of claim to the school superintendent here is insufficient to complete service of process on the District." *Id.* at 934. Due to this conclusion, Defendant argues that service upon Benjamin, the Deputy Superintendent of Academic Success, was insufficient under the relevant Arizona Rule. The Court agrees. *See Smith v. Dysart Unified Sch. Dist.*, 2025 WL 3153441, at *3 (D. Ariz. Nov. 12, 2025) ("Because Plaintiff failed to serve either the Governing Board or its appointed representative, Rule 4 has not been substantially followed. Therefore, Defendant District has not been properly served.").

None of Matthews's arguments save his attempted service. First, Matthews had the burden to show that service was proper, but he offered no evidence or supporting legal authority to demonstrate as much. (*See generally* Doc. 21). Next, Matthews claims that there is a "factual conflict" regarding the acceptance of papers and the interaction between Benjamin and the process server. (*Id.* at 3–4). However, this purported factual dispute does not change the fact that service was deficient. *See*, *e.g.*, *Dorr v. Alameda Cnty. Probation Dept.*, 2012 WL 423745, at *2 n.2 (N.D. Cal. Feb. 8, 2012) (explaining that the

plaintiff's "mistaken belief about the probation department's legal status, however innocent, does not cure the defective service of process"). Moreover, Matthews provides no declaration or other evidence from the process server to substantiate a conflict in Benjamin's retelling of the events. *Bondanelli v. Ocean Park SRL*, 2012 WL 12893008, at *2 (C.D. Cal. Oct. 19, 2012) (once the defendant provides evidence of a lack of proper service, "the plaintiff must submit *evidence* demonstrating that service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve the matter.") (emphasis added).

Moreover, a defendant's actual notice does not cure defective service under federal or Arizona law. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (actual notice alone does not provide personal jurisdiction); *Melton v. Super. Ct. In and For Gila Cnty.*, 739 P.2d 1357, 1359 (Ariz. Ct. App. 1987) (receipt of actual notice does not validate service). And courts have routinely rejected the premise—like Defendant's reasoning in his Motion for Extension of Time (Doc. 16)—that a defendant's procedural filings, such as motions for extension of time or notices of appearance, are insufficient to establish a waiver of service of process objections. *See Debt Registration Ct.r LLC v. Virtue Law Grp. LLC*, 2025 WL 1543632, at *2 (C.D. Cal. Apr. 25, 2025) (collecting cases). In all, service of process upon Defendant is deficient.

Having established improper service, the only remaining issue is whether this matter should be dismissed or service should be quashed.[1] When there has been insufficient service, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Under Rule 4(m), "a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Whereas Matthews requests leave to cure service, Defendant asks that this matter be dismissed without prejudice.

[1] Defendant's lack of personal jurisdiction argument was solely based on improper service.

The Court is not unsympathetic to Defendant's dismissal request and maintains its own misgivings about the slow progress of these proceedings. For example, the process server obtained what was believed to be proper service on June 29, 2026, but Notice of Service was not filed until August 3, 2026, the last day possible under Matthews's deadline. (*See* Docs 18, 19). Not to mention, Matthews has been on notice of service deficiencies since the filing of Defendant's Motion to Dismiss on August 20, 2026, and could have cured service at any point over the following months. At the same time, the Court is cognizant of Matthews's *pro se* status and the strong judicial preference for resolving cases on the merits, rather than procedural technicalities. Therefore, with some reluctance, the Court will afford Matthews one more opportunity to effectuate proper service, albeit on an expedited schedule.

That said, Matthews should bear in mind that *pro se* parties are held to the same standards. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Moving forward in these proceedings, Matthews will be expected to abide by and comply with all Federal and Local Rules of Procedure. Additionally, late filings will not be accepted and motions for extensions of time will not be granted absent a thorough showing of good cause or excusable neglect.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Service of Process (Doc. 20) is **GRANTED IN PART** and **DENIED IN PART**. Matthews's Proofs of Service (Docs. 18, 19) are **quashed**.

**IT IS FURTHER ORDERED** that Matthews must complete proper service upon Defendant **and** file appropriate proof of service **within fourteen (14) days of this Order**. Should Matthews fail to do so, the Clerk of Court is kindly directed to terminate this matter without further notice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 22) is **DENIED as moot**.

**IT IS FINALLY ORDERED** that Plaintiff Roseanne Robles is **DISMISSED** from this case.

Dated this 29th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge