**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dustin Matthews, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Litchfield Elementary School District No. 79,<br><br>Defendant. | No. CV-26-01459-PHX-DJH<br><br>**ORDER** |

On November 10, 2026, Plaintiff Dustin Matthews ("Plaintiff") filed a Motion for Extension of Time to Complete Service and Authorization of Alternative Service (Doc. 28) as well as a Notice of Errata (Doc. 29) that includes Plaintiff's "Exhibit A," which was mistakenly omitted from Plaintiff's Motion. Plaintiff's current service deadline is November 12, 2026, and he requests an extension to December 11, 2026, to complete service on Defendant Litchfield Elementary School District No. 79 ("Defendant"). (Doc. 28 at 4).

Before turning to Plaintiff's Motion, the Court will first address the "Notice of Clarification Re: Order" (Doc. 27) that Plaintiff filed on November 9, 2026. Plaintiff's Notice is improper as it is essentially a response to portions of the Court's Order (Doc. 26). It is inappropriate for Plaintiff to attempt to alter the Court's Orders. If Plaintiff does not understand parts of the Court's Orders, he may move for clarification, asking for further explanation, but Plaintiff, himself, is not permitted to clarify or argue with the Court's Orders. There are proper means for Plaintiff to seek clarification or reconsideration, if

Plaintiff feels it is necessary. Any further filings by Plaintiff that purport to "clarify" the Court's Orders will be struck from the record. With that said, the Court turns to Plaintiff's Motion.

## I. Background

Plaintiff claims that he has been unable to serve Defendant, despite diligent efforts. (Id. at 2). Plaintiff previously believed that he completed service upon Defendant when his hired process server delivered the necessary papers to Defendant's Deputy Superintendent. (See Doc. 18). However, Defendant moved to dismiss based on insufficient service (see Doc. 20); and finding service to be noncompliant with the applicable Rules, the Court granted Defendant's Motion and set a new service deadline for Plaintiff. (Doc. 26). Following the Court's Order, Plaintiff again retained a process server, who twice made unsuccessful service attempts. (Doc. 29 at 4). Specifically, the process server attempted service on November 6, 2026, "at Statutory Agent Maricopa Co. Attorney's Office" but "Public Relations Director Debbie Mackenzie said her office had no authority to accept" service. (Id.) On November 9, 2026, the process server "spoke with [Defendant's] Secretary Kim Kontra," who "said she was not authorized to accept service of a Summons" and "claimed that [the process server] would have to serve the entire School Board." (Id.) Given these unsuccessful attempts and the approaching service deadline, Plaintiff filed the current Motion before the Court.

## II. Discussion

The Court will first address Plaintiff's alternative service request, then turn to request for an extension of time.

### A. Alternative Service

Having demonstrated multiple unsuccessful attempts to personally serve Defendants, Plaintiff asks that the Court permit service upon the Defendants by leaving the necessary documents at the District's administrative offices, addressed to Governing Board Secretary Kim Kontra, in addition to any other notice requirements the Court deems appropriate.

Before a federal court may exercise personal jurisdiction over a defendant, the defendant must be served in accordance with Federal Rule of Civil Procedure 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), *amended by* 807 F.2d 1514 (9th Cir. 1987). Federal Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Arizona Rule 4.1(k) authorizes alternative means of service "within Arizona," and provides the following procedure:

> (1) [] If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may-on motion and without notice to the person to be served-order that service may be accomplished in another manner.
>
> (2) Notice and Mailing. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(1)–(2). The impracticable standard "does not mean impossible, but rather that service would be extremely difficult or inconvenient. This standard requires something less than the 'due diligence' showing required before service by publication may be utilized." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (internal citation and quotations omitted).

If alternative service of process is appropriate, any proposed alternative method of service must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet such a requirement, the alternative method of service "must be 'reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, the Court finds that alternative service is appropriate. First, over the course of this case, at least three personal service attempts on Defendant have proven unsuccessful. These attempts demonstrate due diligence. *See*, *e.g.*, *Palm Street Capital LLC v. Xie*, 2022 WL 22855264, *2 (N.D. Cal. 2022) ("Plaintiffs have diligently attempted to personally serve Defendant, attempting to do so four separate times."). The Court is also aware of the cumbersome and costly nature of serving each individual School Board member.

Furthermore, the Court is mollified that Defendant undoubtedly has actual knowledge of these proceedings as it limitedly appeared to file its Motion to Dismiss. *WAM USA Inc. v. Fierros*, 2023 WL 12255967, at *4 (D. Ariz. 2023) ("Given [the defendant's] actual knowledge of this suit, alternative forms of service may be appropriate."). So, the Court will permit Plaintiff to serve Defendant by delivering copies to the Governing Board's Secretary Kim Kontra at the District's office. The Court will further require that the necessary documents be mailed to Defendant's attorney in this matter. *Rio Props.*, 284 F.3d at 1016 (acknowledging that a wide variety of alternative service methods have been authorized including "delivery to the defendant's attorney"). The combination of these service methods is reasonably calculated to provide Defendant with notice.

**B. Extension of Time**

The current service deadline is September 22, 2026. Plaintiff argues that good cause exists to grant an extension to December 11, 2026. (Doc. 28 at 4).

Under Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be accomplished on each named defendant within 90 days after filing the Complaint. *See* Fed. R. Civ. P. 4(m). If good cause is shown, a court "shall extend the service period under Rule 4." *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001). The Ninth Circuit has recognized that "[a]t a minimum, 'good cause' means excusable neglect." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). A plaintiff "may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the

party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.' " *Id*. (quoting *Boudette*, 923 F.2d at 756). The Ninth Circuit has held district courts have "broad discretion to either grant an extension of time, or to dismiss an action entirely, for failure to effect service [and that] [t]his discretion necessarily includes latitude to limit the length of any extension the court grants." *Jones v. Auto. Club of S. California*, 26 F. App'x 740, 742 (9th Cir. 2002).

The Court finds that good cause for an extension exists here. When a plaintiff has been reasonably diligent in their service efforts and encountered difficulties completing service, courts often find that an extension of the service deadline is warranted. *See*, *e.g.*, *DPG Investments LLC v. Anderson*, 2020 WL 8482971, *1-2 (D. Ariz. 2020); *MLB Sales Incorporated v. RK Gems LLC*, 2023 WL 8376178, *1-2 (D. Ariz. 2023). Nonetheless, because of the alternative service methods that have been authorized, the Court will only extend the deadline to November 30, 2026, at this time.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Serve Defendant Blair Duplantis and for Alternative Service (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's new service deadline is **November 30, 2026**. Plaintiff shall serve Defendant Lichfield Elementary School District as follows: 1) by delivering the necessary documents to District Secretary Kim Kontra at the District's office and 2) by mailing the necessary documents to Defendant's counsel Georgia A. Stanton at Jones, Skelton & Hochuli, P.L.C., 40 N Central Ave., Ste 2700, Phoenix, AZ 85004. Service must include: the Complaint, Summons, Preliminary Order, Plaintiff's Motion for extension of time and alternative service, and this Order.

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that that proof of service upon Defendant must be filed with the Court **by November 30, 2026**.

Dated this 13th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge