**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Dustin Matthews, et al.,

Plaintiffs,

v.

Litchfield Elementary School District No. 79,

Defendant.

No. CV-26-01459-PHX-DJH

**ORDER**

This matter comes before the Court *sua sponte*. Federal courts are courts of limited jurisdiction, and therefore they maintain an "independent obligation" to police their own subject matter jurisdiction. *Animal Leg. Def. Fund v. U.S. Dept. of Agric.*, 935 F.3d 858, 866 (9th Cir. 2019). Due to this obligation, The Court must address whether Plaintiff Dustin Matthews ("Plaintiff") has standing to bring this case.

Article III of the Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). One of the essential components of the Article III case or controversy requirement is that a plaintiff have standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In the absence of a plaintiff with standing, a federal court lacks subject-matter jurisdiction to hear cases. *Id.* at 560.

To demonstrate standing, a plaintiff must show: (1) that he "suffered an injury in fact" that is "concrete and particularized"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that it is "likely ... that the injury will be redressed by a favorable decision." *Id.* at 560–61 (internal quotation marks omitted). "The party

invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," *id.*, but "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068–69 (9th Cir. 2011) (cleaned up).

Additionally, *pro se* plaintiffs may only represent themselves and are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself"). This prohibition extends to a *pro se* plaintiff's ability to sue on behalf of their minor children. The Ninth Circuit has held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

Plaintiff's Complaint is overarchingly premised upon the suspension of his minor child, J.M., from school. (Doc. 1 at ¶¶ 9–12). Based on J.M.'s suspension, Plaintiff has asserted several claims under 42 U.S.C. § 1983 and Title VI as well as several state law claims. (*See id.* at ¶¶ 39–74). However, as just stated, Plaintiff may not act in a representative capacity for his child. So, to the extent Plaintiff's claims are brought on behalf of his son, they are dismissed without prejudice. Should Plaintiff acquire an attorney to represent his son, these claims may be revisited.

Having dismissed the claims in so far as they are premised on J.M.'s injuries, it is difficult to see a way Plaintiff can establish standing. To establish the first element of standing, Plaintiff must have incurred an injury in fact. An injury in fact must be real and not abstract. *Food and Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). "The injury also must be particularized; the injury must affect 'the plaintiff in a personal and individual way' and not be a generalized grievance." *Id.* (quoting *Lujan*, 504 U.S. at 560, n.1). Here, the alleged injuries appear to belong to J.M., not Plaintiff. And

Plaintiff should be aware that parents attempting to represent their children under similar situations have not been able to allege a particularized injury in fact. *J.R. by and through Rizzi v. Palos Verdes Peninsula Unified Sch. Dist.*, 2021 WL 4553056, at *2 (C.D. Cal. Oct. 5, 2021) ("[Plaintiff's] interest as a mother in the harm that she alleges her minor child suffered is insufficient to show that [Plainitff] (as distinct from her minor child) personally suffered a particularized or concrete 'injury in fact' that is 'fairly traceable' to the challenged policy of the School District."); *Boersma v. Salem-Keizer Sch. Dist. 24J*, 2026 WL 3181390, at *1–3 (D. Or. Oct. 23, 2026) (dismissing a complaint brought by a parent based on his son's alleged disability discrimination); *Sapteste v. Otgondaataz*, 2026 WL 1480505, at *2 (E.D. Cal. May 27, 2026) (noting that the plaintiff did not allege his own injury and the only injury was based on his child's dog bite). Lastly, derivative harm is insufficient to establish standing.

With this in mind, Plaintiff must show cause as to why this matter should not be dismissed for lack of standing. Plaintiff must demonstrate his own particularized injury in fact that is not dependent on harms experienced by his child. If Plaintiff fails to do so, this matter will be dismissed. And if Plaintiff makes an insufficient showing of injury in fact, this matter may still be subject to dismissal. Any dismissal would be without prejudice, and if Plaintiff were to acquire an attorney, an appropriate motion to reopen the case could be filed. Therefore, Plaintiff should thoroughly consider whether he can establish standing for himself.

Accordingly,

**IT IS ORDERED** that Plaintiff must show cause as to why this matter should not be dismissed for lack of standing **by November 30, 2026**. Failure to do so will result in the dismissal of this matter without further notice.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that to the extent *pro se* Plaintiff has alleged claims on behalf of his child J.M., these claims are **dismissed without prejudice**.

Dated this 13th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge